UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY KREGER FRANZEL,

         Plaintiff,                           Case No. 12-cv-14293

v.                                 HONORABLE STEPHEN J. MURPHY, III

COMMISSIONER OF SOCIAL SECURITY,

         Defendant.

_____/

**ORDER**
**ADOPTING REPORT AND RECOMMENDATION**
(document no. 20)**, DENYING DEFENDANT'S MOTION FOR**
**SUMMARY JUDGMENT** (document no. 18)**, GRANTING PLAINTIFF'S MOTION**
**FOR SUMMARY JUDGMENT IN PART** (document no. 16)**, AND REMANDING CASE**

Plaintiff and claimant Tracy Kreger Franzel's applications for disability insurance benefits and supplemental security income have been pending for nearly a decade. The Social Security Administration ("SSA") first denied her applications in a decision issued by Administrative Law Judge ("ALJ") Daniel G. Berk on June 28, 2007. *See* Administrative Record ("A.R.") at 46-60. Franzel filed a request for review in August 2007 and, on July 31, 2009, the SSA Appeals Council granted review, remanding the claims. A.R. at 28-31. A new hearing was held before ALJ Berk, who again denied Franzel's applications in a decision issued on November 17, 2010. A.R. at 13-19. After the SSA Appeals Council declined to review the decision, Franzel appealed to this Court. The Court referred the matter to a magistrate judge, and the parties filed cross motions for summary judgment. *See* Mots. for Summ. J., ECF Nos. 16; 18.

On December 18, 2013, the magistrate judge issued a Report and Recommendation ("Report"), suggesting the Court deny the Commissioner of Social Security's ("Commissioner's") motion, grant Anthony's motion in part, and remand the case to the

Commissioner for a proper credibility assessment. In her motion for summary judgment, Franzel argued that the ALJ wrongly discounted her complaints of chronic pain and incorrectly discounted the opinion that her treating physician, Dr. Pramod Kerkar of the Pain Clinic of Michigan, made in 2006 regarding her functional limitations. The magistrate judge agreed to the extent that she determined that the ALJ failed to show that he considered all of the factors for assessing a claimant's credibility set forth in the social security regulations, and, relatedly, failed to adequately articulate why he rejected the opinion of Dr. Kerkar under the treating source rule. Report 20, ECF No. 20. The magistrate judge found that much of the ALJ's credibility analysis consisted of boilerplate language and conclusory statements in violation of Social Security Ruling 96-7p. *Id.* at 20-23. The magistrate judge also concluded that the ALJ provided a boilerplate statement inadequate to reject Dr. Kerkar's opinion. *Id.* at 24-26.

Based on her review of the record, the magistrate judge believed that there might be legitimate bases that the ALJ could articulate to discount portions of Franzel's testimony and Dr. Kerkar's opinion. *Id.* at 27. As a result, the magistrate judge explained that, on remand, the ALJ should adequately address the factors set forth in 20 C.F.R. § 404.1529(3) and 20 C.F.R. § 404.1527(c)(2). *Id.* The magistrate judge rejected Franzel's request that the remand be for an award of benefits rather than further proceedings. *Id.*

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of the magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Nevertheless, because a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, he is entitled to review the magistrate judge's

findings of fact and conclusions of law on his own initiative. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (clarifying that while a district court judge need not review a report and recommendation "de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").

Because neither the plaintiff nor defendant filed objections, de novo review of the Report's conclusions is not required. Having reviewed the Report's analysis, in light of the record, the Court finds that its conclusions are factually based and legally sound. Accordingly, it will adopt the Report's findings, deny the Commissioner's motion for summary judgment, grant Anthony's motion for summary judgment in part, and remand the case to the Commissioner for further proceedings consistent with the Report. Because of the length of time for which this proceeding has been pending, the Court joins the magistrate judge in urging the Commissioner to expedite this case on remand.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the magistrate judge's Report and Recommendation (document no. 20) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment (document no. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that the Anthony's Motion for Summary Judgment (document no. 16) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Commissioner for further proceedings consistent with the Report.

**SO ORDERED**.

                                      s/Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: January 10, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 10, 2014, by electronic and/or ordinary mail.

                                        s/Carol Cohron
                                        Case Manager